UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

DEC 1 4 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> § <br> JAVIER ACUNA-CHAVEZ, § <br> Defendant. § | CRIM ACTION NO. B-02-391 <br> AND <br> CRIM ACTION NO. B-02-519 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Defendant Javier Acuna-Chavez's (hereinafter Defendant) Motion for the Court to Intervene (Docket No. 36) and Request for Clarification of Judgment (Docket No. 37). The court has explained the judgment below for Defendant's benefit, however, as discussed below, there is no basis for intervention at this time. Thus, Defendant's motion should be DENIED.

## BACKGROUND

Defendant Chavez was indicted for illegal entry after previous deportation in violation of 8 U.S.C. § 1326(a) and (b) (Docket No. 1). He pleaded guilty to the indictment on August 27, 2002 (Docket No. 15). Defendant was a charged a $100 special assessment fee and sentenced, on November 25, 2002, to 70 months imprisonment to be followed by a three year term of supervised release (Docket No. 25). Judgment was signed on December 3, 2002 (Docket No. 26). Defendant timely appealed (Docket No. 28) and the Fifth Circuit Court of Appeals affirmed the district court on November 4, 2003 (Docket No. 34).

At the time he was indicted for the above infraction Defendant was serving a suspended release term in Criminal Action 8-98-352-T-17 imposed by the United States District Court for the District of Florida, Tampa Division. Jurisdiction in this case was transferred to the United States District Court for the Southern District of Texas, Brownsville Division for a revocation hearing after Defendant's illegal entry conviction (Crim. Action B-02-519-01, Docket No. 1). The district court found that Defendant's illegal entry violated the conditions of his supervised release and subsequently sentenced him to an additional 12 months of imprisonment (Crim. Action B-02-519-01, Docket No. 2 and 3). It is this judgment that Defendant seeks clarification of and intervention in from this court.

## ANALYSIS

### I. *Clarification of Sentence*

As previously mentioned a hearing was held at which the district court determined that Defendant's violation of 8 U.S.C. § 1326 (Crim. Action B-02-391-01) warranted revocation of the supervised release sentence handed down in Florida (Crim. Action B-02-519, Docket No. 2). During that hearing it was made clear that the 12 month imprisonment imposed on the Defendant for violating his supervised release was to run consecutively to the sentence[1] Defendant received for illegal entry (Crim. Action B-02-519, Docket No. 2). In the judgment issued by the court on December 3, 2002 it was again stated that the sentences were to run consecutively (Crim. Action B-02-519, Docket No. 3). The term "consecutive" is defined by *Black's Law Dictionary* as "successive, succeeding one another in regular order, to follow in uninterrupted succession". BLACK'S LAW DICTIONARY 304 (6th ed. 1990). Thus it was the court's intention that Defendant

---

[1] 70 months imprisonment to be followed by three years supervised release

2

serve the 12 month sentence for violation of supervised release after completing the 70 month sentence imposed upon him for illegal entry.

## II. *Defendant's Motion for Court Intervention*

In addition to asking for clarification of the judgment entered against him, Defendant also requests that this court intervene on his behalf by informing the Federal Bureau of Prisons that his sentences should run concurrently, as opposed to consecutively. As discussed above, however, the judgment specifies that Defendant's sentences are to follow one after the other (Crim. Action B-02-519, Docket No. 3). As such, the Federal Bureau of Prisons's interpretation that Defendant has been sentenced to an "extra 12 months for violation of [s]upervised release" is correct (Crim. Action B-02-391, Docket No. 36 at 2). No intervention by this court is required and Defendant's motion is without merit.[2]

## RECOMMENDATION

For the aforementioned reasons, Defendant Javier Acuna-Chavez's Motion for the Court to Intervene (Crim. Action B-02-391, Docket No. 36) should be DENIED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the

---

[2]Defendant also cites to the Federal Rules of Criminal Procedure Rule 47 in support of his motion. This rule, however, governs the submission of motions and supporting affidavits and is not a basis for relief. FED. R. CRIM P. 47.

3

district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas, this ____ day of December, 2004.

_____
Felix Recio
United States Magistrate Judge